## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. ___1:19-cv-03719_____

TRACY L WORSHAM,

    Plaintiff,

v.

JEFFERSON CAPITAL SYSTEMS, LLC,

    Defendant.

---

## COMPLAINT

---

NOW COMES Plaintiff, TRACY L. WORSHAM through undersigned counsel, complaining of Defendant, JEFFERSON CAPITAL SYSTEMS, LLC as follows:

### NATURE OF THE ACTION

1.    This action is seeking redress for invasion of privacy by seclusion as well as violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1334.

4.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.    TRACY L. WORSHAM ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Colorado Springs, Colorado.

6.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.    JEFFERSON CAPITAL SYSTEMS, LLC ("Defendant") is a limited liability company organized under the laws of Georgia.

9.    Defendant has a principal place of business at 16 McLeland Road, Saint Cloud, Minnesota, 56303.

10.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12.   Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13.   At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 5290.

14.   At all times relevant, Plaintiff's number ending in 5290 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15.   At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

2

16.     Because of financial hardship, many of Plaintiff's financial obligations became overdue.

17.     In November 2019, Plaintiff started to receive phone calls from Defendant.

18.     On multiple occasions, Plaintiff answered these phone calls.

19.     Each time, Plaintiff was met with clear pause, prompting Plaintiff to say "*Hello, Hello, Hello*" prior to being connected to Defendant's representative.

20.     Soon, Defendant demanded payment(s).

21.     Plaintiff stated she was unable to at this time.

22.     Upon information and belief, Defendant sought to collect "debt" as defined by 15 U.S.C. § 1692a(5).

23.     On numerous occasions, Plaintiff stated "[p]lease remove me from your call list."

24.     Unfortunately, these phone calls continued to be received.

25.     Frustrated with Defendant's persistent and unwanted phone calls, Plaintiff simply stopped answering them.

26.     To date, Plaintiff continues to receive phone calls including but not limited to the following numbers leading back to Defendant including on – (502) 305-4453 on November 11, 2019 and December 23, 2019; (509) 560-1302 on December 23, 2019; and (866) 250-7212 on November 20, 2019, November 27, 2019 and December 5, 2019.

27.     All in all, Defendant placed (or caused to be placed) no less than 10 *unconsented-to* phone calls to Plaintiff.

3

28.   Defendant's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

29.   Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

## CLAIMS FOR RELIEF

### COUNT I:
### Invasion of Privacy by Seclusion

30.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.   In Colorado, "to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a plaintiff must show that another has intentionally intruded, physically or otherwise, upon the plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person." *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1065 (Colo. App. 1998), *cert. denied* (Colo. Mar. 1, 1999).

4

32. This tort can encompass conduct such as persistent and unwanted telephone calls. *Quigley v. Rosenthal*, 327 F.3d 1044, 1073 (10th Cir. 2003) (citing *High-Tech Inst.*, 972 P.2d, at 1067).

33. Defendant's repeated and harassing telephone calls to Plaintiff violated Plaintiff's right to privacy based on an intrusion upon her seclusion. *See Dunlap v. McCarthy*, 284 Ark. 5, 678 S.W.2d 361 (1984); *see* generally W. Prosser & W. Keeton, Torts 117 (5th ed. 1984) (examples of intrusion upon seclusion include eavesdropping by wiretapping and persistent and unwanted telephone calls).

34. Taking into account Plaintiff's multiple requests that Defendant stop calling, Defendant's persistent and unwanted telephone calls would be highly offensive to a reasonable person.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Plaintiff's right to privacy based on an intrusion upon her seclusion;

B. an award of actual damages;

C. an award of punitive damages; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

5

**Violation(s) of 15 U.S.C. § 1692d**

36.    Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

>    (5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

37.    Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff despite Plaintiff's explicit request(s) that Defendant stop calling.

38.    Defendant's behavior of continuously or repeatedly calling Plaintiff was abusive, harassing, and oppressive.

39.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

>    (1)    any actual damage sustained by such person as a result of such failure;

>    (2)

>>        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

>    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

6

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.      an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.      an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

### COUNT III:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

40.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41.     Defendant placed or caused to be placed no less than 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

42.     Upon information and belief, based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

43.     Upon information and belief, the ATDS employed by Defendant transfers phone calls to an agent once a human voice is detected, hence the clear pause.

44.    Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *See* 47 U.S.C. § 227(b)(1).

45.    As plead above, Plaintiff revoked consent to be called on multiple occasions.

46.    Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

47.    Upon information and belief, Defendant has no system in place to honor consumer requests that collection phone calls cease.

48.    Upon information and belief, Defendant has no policies and procedures in place to honor consumer requests that collection phone calls cease.

49.    As result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

50.    As result of Defendant's *knowing and willful violations* of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.    a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.    an award of statutory damages of at least $500.00 for each and every violation;

C.    an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 31, 2019                                Respectfully submitted,

**TRACY L. WORSHAM**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com

9